## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Respondent/Plaintiff,

vs.                                       CIV 05-0076 BB/WPL
                                       CR 00-1613 BB

JOSE V. BENAVIDEZ,

                Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Jose Benavidez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. He was convicted at trial of one count of being a felon in possession of a firearm, and he was sentenced to 120 months' incarceration and three years' supervised release. For the reasons that follow, I recommend that Benavidez's motion be denied.

## PROPOSED FINDINGS

### PROCEDURAL BACKGROUND

On December 22, 2000, Jose Benavidez was charged with being a felon in possession of a firearm. (Doc. 1.)[1] Victor Sizemore, Benavidez's fifth counsel, filed a motion to withdraw and substitute attorney on July 24, 2001. (Doc. 65.) The Court held a hearing on July 31, 2001, and denied the motion. (Doc. 68; Tr. at 12, July 31, 2001.) Benavidez's trial began on August 20, 2001. (Doc. 74.) On August 21, 2001, the jury found Benavidez guilty. (Doc. 76.) On March 8, 2002,

---

[1] Except as otherwise noted, docket numbers refer to the criminal case, CR 00-1613 BB.

Benavidez was sentenced to 120 months' incarceration and three years' supervised release.  (Doc. 80.)

Benavidez filed a timely notice of appeal on April 10, 2002.  (Doc. 83.)  On October 30, 2003, the Tenth Circuit affirmed.  *United States v. Benavides* [sic], 80 F. App'x 78 (10th Cir. 2003) (unpublished decision).

On January 21, 2005, Benavidez filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  (Doc. 92.)  Plaintiff filed a response to the motion (Doc. 94) and Benavidez filed a reply (Doc. 95).  On March 14, 2005, Benavidez filed a motion to amend his § 2255 petition, seeking to add a claim under *United States v. Booker*, 543 U.S. 220 (2005), and submit an exhibit in support of his ineffective assistance of counsel claim.  (Doc. 96, 97.)  The Court granted Benavidez's motion.  (Doc. 8, CIV 05-0076 BB/WPL.)  The presiding judge then referred this matter to me to recommend an ultimate disposition of the case.  (Doc. 12, CIV 05-0076 BB/WPL.)

## STANDARDS OF REVIEW

A petition under 28 U.S.C. § 2255 attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Under § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or laws of the United States, or [] the court was without jurisdiction to impose such sentence, or [] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.

Section 2255 motions are not available to test the legality of matters that should have been raised on direct appeal. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).  Failure to

present an issue on direct appeal bars a petitioner from raising that issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  *Id.*  This bar does not apply, however, to ineffective assistance of counsel claims. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).  A petitioner may not bring a claim under § 2255 that was considered and disposed of on direct appeal.  *Id.*

Because Benavidez is proceeding *pro se*, I will construe his pleadings liberally.  *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).  This broad reading of a *pro se* litigant's pleadings does not, however, relieve him of the burden of alleging sufficient facts upon which a legal claim may be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court is not required to fashion a *pro se* litigant's arguments for him where his allegations are conclusory and lack supporting factual averments.  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall*, 935 F.2d at 1110).  A court will generally not consider conclusory or unsupported claims.  *See Hall*, 935 F.2d at 1113-14.

### *BOOKER* VIOLATION

Benavidez claims that his sentence is invalid because it was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005).  (Doc. 97 at 1-3.)  "*Booker* does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005."  *United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005).  Benavidez's appeal was decided by the Tenth Circuit on October 30, 2003, *see Benavides*, 80 F. App'x 78, and he did not file a petition for a writ of certiorari.  Benavidez's conviction became final on January 28, 2004, ninety days after the Tenth Circuit's decision.  *See* SUP. CT. R. 13(1) (establishing a ninety-day window during which a defendant

3

may seek certiorari from a judgment of a federal court of appeals); *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000) ("[F]or purposes of determining when the limitations period in 28 U.S.C. § 2255(1) begins to run if a defendant does not petition the United States Supreme Court for a writ of certiorari after her direct appeal, her judgment of conviction is final after the time for seeking certiorari review has expired.").  Because Benavidez's conviction became final before January 12, 2005, *Booker* does not apply to his case.

Benavidez also argues that his 120-month sentence will not be available on remand because such a sentence would violate the Ex Post Facto Clause.  (Doc. 97 at 3-8.)  Because *Booker* is not applicable to his case and he is not entitled to a remand, I need not address this argument.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Benavidez asserts that his trial counsel was ineffective in nine ways: (1) failure to interview Noah Garza and secure his appearance at trial; (2) failure to investigate the details of Benavidez's statement to Rodney Porter; (3) introduction of Noah Garza's statement; (4) failure to investigate Porter and his use of confidential informants, including Benavidez; (5) failure to lay a proper foundation for evidence of Porter's pattern of misconduct; (6) conflict and lack of communication; (7) failure to enlist an expert witness to testify regarding the effect of medications Benavidez was taking on his statements to law enforcement; (8) failure to introduce a statement of Noah Garza; and (9) failure to object to a two-point enhancement.  (Doc. 92 at 2-3, 5-7, 9-19.)

***Legal Standards***

"The overarching test for effective assistance of counsel is whether the defendant's attorney subjected the prosecution's case to meaningful adversarial testing." *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).  To establish

4

ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test.  First, he must show that counsel's performance fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 687-88.  Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy.  *Id.* at 689.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.  The performance prong need not be addressed first if the prejudice prong is more easily resolved.  *See Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000); *Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001).

### Failure to Investigate and Secure the Appearance of Noah Garza

Benavidez argues that his trial counsel was ineffective for failing to interview and secure the appearance of Noah Garza.  (Doc. 92 at 9-10.)  Assuming counsel did not interview Garza, Benavidez does not state what evidence counsel should have sought or what evidence he might have found.  Benavidez points to the fact that Garza gave conflicting statements prior to trial.  (Doc. 92 at 9.)  However, counsel was aware of these statements and asked about the statement that was favorable to Benavidez during his cross-examination of Drug Enforcement Administration Agent Brad Devlin.  (Trial Tr. at 156-57.)  Benavidez has not shown that counsel was ineffective for failure to investigate.  Even if counsel was ineffective, Benavidez has not shown that counsel's deficient performance prejudiced him.  Nor was Benavidez's counsel ineffective for failing to secure Garza's appearance at trial.  He subpoenaed Garza as a witness but he did not appear.  (Trial Tr. at 281.)

5

Counsel asked the Court to consider contempt of court, and the Court issued a bench warrant for Garza's arrest. *Id.* Counsel took adequate measures to secure Garza's appearance by subpoenaing him, and Benavidez has not demonstrated ineffective assistance of counsel.

### *Failure to Investigate Benavidez's Statement to Porter*

Benavidez claims counsel was ineffective for failing to investigate details surrounding his statement to Porter. (Doc. 92 at 11.) He argues that counsel failed to investigate why the tape of his statement began in the middle of the conversation, whether he falsely inculpated himself, and whether he was under the influence of medication which rendered his statement involuntary. *Id.* He also argues that counsel "failed to perform even a basic investigation into Noah Garza's statements, and such investigation would probably have yielded important facts concerning the way Officer Porter handled evidence in Petitioners [sic] case." *Id.* at 11-12. However, Benavidez does not state what information the investigations would have yielded. *Cf. Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) ("[A]ppellant has made no showing of what [] an investigation [into the charges to which he pled guilty] would have discovered and how that would have altered his decision to plead guilty."). Benavidez has not alleged sufficient facts to support his claim. *See Hall*, 935 F.2d at 1110.

### *Introduction of Noah Garza's Statement*

Benavidez alleges that his trial counsel was ineffective for introducing a statement of Noah Garza that Benavidez claims was detrimental to his case. (Doc. 92 at 12; *see* Trial Tr. at 157-59.) However, it would be a reasonable trial tactic to have this statement come out during counsel's cross-examination of Drug Enforcement Administration Agent Brad Devlin rather than during the defense's case. (Doc. 77 at 4.) Benavidez elected to testify, and the prosecutor likely would have introduced the statement during his cross-examination if counsel did not. Benavidez has failed to demonstrate

6

that counsel's conduct did not "fall[] within the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 689.  Even assuming counsel was deficient in introducing Garza's statement, Benavidez has not shown a reasonable probability that, but for counsel's errors, the result of the trial would have been different.

### Porter's Alleged Misconduct

Benavidez alleges that counsel rendered ineffective assistance by failing to investigate Porter's alleged previous misconduct regarding evidence and use of confidential informants.  (Doc. 92 at 12-14.)  He argues that counsel should have investigated Porter's work history to find misconduct related to the misconduct Benavidez claims occurred in this case. *See id.* at 13.  In fact, Benavidez's counsel attempted to present evidence from Porter's service with the Midland Police Department, including mishandling of evidence.  (*See* Trial Tr. at 67-68.)  However, the Court refused to allow this line of questioning. *See id.* at 68-70.  The Tenth Circuit ruled that the district court did not err in precluding this testimony. *See Benavides*, 80 F. App'x at 81.  Benavidez has not demonstrated ineffective assistance of trial counsel.

Benavidez also argues that counsel rendered ineffective assistance by failing to lay a proper foundation as to "motive, means, opportunity, and plan" regarding Porter's alleged pattern of misconduct.  (Doc. 92 at 14.)  He asserts that had counsel adequately investigated, he would have discovered Porter's "plan" to wrongfully accuse Benavidez of a crime for the "motive" of persuading Benavidez to investigate the crime for him. *Id.*  He also suggests that Porter may have planted the gun, "as had been Porter's custom while employed by the Midland Police Department." *Id.* Benavidez's allegations lack factual support and are wholly conclusory. *See Fisher*, 38 F.3d at 1147; *Hall*, 935 F.2d at 1110.  To the extent that they rely on Porter's alleged past misconduct, his

allegations also fail because the Tenth Circuit affirmed the exclusion of any such evidence.  *See Benavides*, 80 F. App'x at 81.  Benavidez's claims do not support a finding of ineffective assistance.

### Conflict and Lack of Communication

Benavidez appears to argue that he and his counsel were in conflict and that there was a lack of communication.  (Doc. 92 at 15.)  He claims that these factors caused his counsel to "fail[] to investigate critical leads."  *Id.*  He also argues that the conflict and lack of communication prejudiced him at sentencing.  *Id.* at 17.  He asserts that counsel's ineffective assistance should "[a]t the very least" justify a new sentencing hearing.  *Id.* at 15.

Though Benavidez refers to a conflict of interest, his claims are not sufficient to allege a conflict of interest.  He claims that the conflict of interest extended from pretrial investigation through sentencing.  *Id.*  He may be referring to his previous claim that his counsel had a conflict because counsel's stepson was a member of the Hobbs Police Department.  (*See* Doc. 65.)  Counsel moved to withdraw and substitute attorney based on this allegation.  *See id.*  The Court held a hearing on the motion to withdraw.  The Court denied the motion, stating that it "finds no real or apparent conflict of interest."  (Doc. 68.)  The Tenth Circuit held that the Court did not abuse its discretion in denying the motion to withdraw.  *See Benavides*, 80 F. App'x at 81-82.  Benavidez cannot demonstrate ineffective assistance based on this claim.

Benavidez appears to suggest a conflict based on disagreements with his attorney.  *See id.* at 15.  "[A]n ineffective assistance claim does not become a conflict claim merely because [petitioner] strongly disagrees with counsel's handling of the case."  *Sack v. Champion*, 17 F. App'x. 841, 843 (10th Cir. 2001) (unpublished decision).  Counsel explained during the hearing on the motion to withdraw that he and Benavidez had strong disagreements on the proper course of action.  (Tr. at 5,

July 31, 2001.)  The Court found no conflict of interest and the Tenth Circuit upheld the denial of the motion.  *Id.* at 10; *Benavides*, 80 F. App'x at 81-82.  Benavidez has not demonstrated that his counsel had a conflict of interest.

Benavidez argues, "It is also clear from the record that no communication was taking place between Petitioner and his attorney that would be of assistance to Petitioner at sentencing."  (Doc. 92 at 16.)  I will construe Benavidez's claim to assert a complete breakdown in communication, which may cause an attorney to render ineffective assistance.  *See United States v. Soto Hernandez*, 849 F.2d 1325, 1328 (10th Cir. 1988).  "[I]n certain circumstances a presumption of ineffectiveness arises making it unnecessary to examine actual performance of counsel. A complete breakdown in communication between an attorney and client may give rise to such a presumption."  *Id.*

This is not the case here.  In this case, "any conflict between the parties was not so great as to lead to a total lack of communication reflecting ineffective assistance of counsel."  *See Parker v. Simmons*, 164 F. App'x 704, 706 (10th Cir. 2006) (unpublished decision).  Benavidez's counsel stated at the sentencing hearing that he was "able to talk to [Benavidez] a couple of times by telephone," although the first time Benavidez talked to counsel, Benavidez hung up on him. (Sentencing Tr. at 3); *see United States v. Deberry*, 430 F.3d 1294, 1300 (10th Cir. 2005) (quoting *Holloway v. Arkansas*, 435 U.S. 475, 486 (1978)) ("[A]ttorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.") (alteration in original)).   Counsel also stated that he spoke with Benavidez about objections to the presentence report.  (Sentencing Tr. at 3.)  The lack of communication was not so great as to render the representation *per se* ineffective.  *See Soto Hernandez*, 849 F.2d at 1328.

Even were there a complete breakdown in communication, it would not be sufficient to

9

demonstrate ineffective assistance in this case.  The Tenth Circuit considers four factors when deciding whether a complete breakdown of communication rendered a defendant's representation constitutionally ineffective: (1) whether the defendant made a timely motion requesting new counsel; (2) whether the trial court adequately inquired into the matter; (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) whether the defendant substantially and unjustifiably contributed to the breakdown in communication.  *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000).

Benavidez made timely requests for new counsel.  On July 24, 2001, counsel filed a motion to withdraw and substitute new attorney, and one of the reasons was disagreement between counsel and Benavidez.  (Doc. 65; Tr. at 5, July 31, 2001.)  The Court adequately inquired into the matter. It held a hearing on this motion and denied it.  (Doc. 68; Tr., July 31, 2001.)  The Court also considered this issue during the sentencing hearing.  (Sentencing Tr. at 17-19.)  As to the third factor, there was not a total lack of communication between counsel and Benavidez.  Further, Benavidez may have substantially and unjustifiably contributed to the breakdown.  Benavidez hung up when counsel tried to contact him.  *Id.* at 3.  The Court noted that he was "a difficult client, to put it mildly."  *Id.* at 18.  The Court stated that "[m]ost attorneys would have had a hard time being as patient as [counsel] did" and that "he did service above and beyond the call of duty."  *Id.*  Benavidez has not demonstrated ineffective assistance based on a complete breakdown of communication.

Nonetheless, Benavidez argues that a lack of communication led to certain acts or omissions that demonstrated ineffective assistance.  (Doc. 92 at 16-17.)  None of the alleged acts or omissions constitutes ineffective assistance.

Benavidez first claims that counsel was ineffective for failing to object to the presentence

10

report.  (Doc. 92 at 16.)  Counsel informed the Court that he reviewed the presentence report and did not have any legal or factual objections to it.  (Sentencing Tr. at 2-4.)   He also stated that in his opinion none of the objections Benavidez brought to his attention had any legal merit.  *Id.* at 3. Benavidez does not allege what counsel should have objected to or how objections would have changed the result of the proceedings.

Benavidez claims that "counsel incorrectly informed the court that Petitioner was on drugs for heroin addiction at the time he was arrested."  (Doc. 92 at 17.)  Counsel did state that he thought Benavidez was being treated for heroin addiction.  (Sentencing Tr. at 5.)  Given that Benavidez informed the Court almost immediately thereafter that "the medication that I was under had nothing to do with heroin," *id.* at 6, it is clear that counsel's statement did not prejudice Benavidez.

Benavidez alleges in what appears to be a summary of ineffective assistance claims that counsel was ineffective for "fail[ing] to file a motion for downward departure based upon Petitioner's undisputed and substantial assistance to the state, including wearing a surreptitious recording device in the aid of a murder investigation."  *Id.* at 6-7.  In his discussion of this claim, he merely states that counsel "failed to submit a Motion for Downward Departure from the Government."  *Id.* at 17.  He is apparently referring to the fact that he was an informant for the Hobbs Police Department.  (*See* Trial Tr. at 59, 204-05.)  "As a general rule, a district court's authority to consider a defendant's substantial assistance claim at sentencing is conditioned upon a prior motion of the government." *United States v. Duncan*, 242 F.3d 940, 944 (10th Cir. 2001) (citing 18 U.S.C. § 3553(e); U.S. SENTENCING GUIDELINES MANUAL § 5K1.1).  Bringing such a motion is a power, not a duty.  *United States v. Williams*, 374 F.3d 941, 948 (10th Cir. 2004).  It is doubtful whether defense counsel could even file such a motion.  *See id.* ("We doubt [petitioner's] ability to bring [] a motion [for downward

11

departure for substantial assistance]."). Counsel's failure to do so, therefore, did not constitute ineffective assistance.

Benavidez also asserts that counsel "failed to seek a Motion for Downward Departure based on Petitioner's community ties and the fact that Petitioner was the sole provider for his family." (Doc. 92 at 17.) Congress directed that the Commission ensure that the guidelines "reflect the general inappropriateness of considering the family ties and responsibilities . . . and community ties of the defendant." 28 U.S.C. § 994. Community ties and family ties and responsibilities are not ordinarily relevant in determining whether a sentence should fall outside the guideline range. *United States v. Andrews*, 353 F.3d 1154, 1156 (10th Cir. 2003) (citing U.S. SENTENCING GUIDELINES MANUAL § 5H1.6 (Nov. 1, 2000)); *United States v. Archuleta*, 128 F.3d 1446, 1449 (10th Cir. 1997) (quoting U.S. SENTENCING GUIDELINES MANUAL § 5H1.6). "[W]hen a factor is discouraged because it is not ordinarily relevant, or when the factor has already been taken into consideration by the guidelines, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Archuleta*, 128 F.3d at 1449 (quotations omitted). The defendant has the burden of proving that he is entitled to a downward departure. *Id.*

Benavidez has not demonstrated that the Court would have exercised its jurisdiction to depart downward based on his community ties and status as the sole provider for his family. *See United States v. Sanders*, 372 F.3d 1183, 1186 (10th Cir. 2004). Benavidez's offense level and criminal history established a guideline range of 130 to 162 months; the statutory maximum, however, was 120 months. (Sentencing Tr. at 23.) The Court stated that it would be inclined to consider the higher guideline ranges but for the statutory maximum. *Id.* Benavidez has not demonstrated that the factors

he claims would support a downward departure are present in his case to an exceptional degree. He has not shown a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

### Expert Testimony Regarding Medications

Benavidez argues that counsel was ineffective for failing to investigate and present expert testimony on the impact of medications he was taking on his statements prior to and during his arrest. (Doc. 92 at 17-18.)   He claims investigation and expert testimony would have shown that he "was suffering from taking an overdose of these medications which cause as side effects Amnesia [sic] and an inability to remember what he said and did." *Id.* at 18.

"[T]he question under *Strickland* is not whether counsel could have done more, but whether counsel's decision not to do more was '[objectively unreasonable] in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Turrentine v. Mullin*, 390 F.3d 1181, 1209 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 691) (second alteration in original).  As the Tenth Circuit noted, counsel presented to the jury the argument that Benavidez's statements were involuntary because he took Ambien and other medication for back pain.  *See Benavides*, 80 F. App'x at 82.  Benavidez has failed to demonstrate that counsel's decision did not "fall[] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  Counsel's actions were not objectively unreasonable.  In any case, Benavidez has not shown a reasonable probability that the result of the proceeding would have been different had counsel called an expert witness.

### Failure to Introduce Garza's Statement

Benavidez asserts that counsel was ineffective for failing to introduce a statement Benavidez procured from Garza.  (Doc. 92 at 18.)  He claims that this statement contradicted and would have

13

impeached a statement Garza gave to law enforcement. *Id.*   He attempted to present evidence of the statement during his cross-examination of Devlin. (Trial Tr. at 156.) However, he was prevented from asking about the contents of this statement by an objection on the grounds of hearsay. *Id.* at 156-57. Devlin did testify, however, that he knew that the statement was contradictory to the one that Garza gave him. *Id.* at 157. Counsel would have been able to introduce this evidence during his examination of Garza, but could not because Garza ignored the subpoena and failed to appear at trial. (Trial Tr. at 281.) Benavidez has not demonstrated that counsel's performance fell below an objective standard of reasonableness. Even if counsel did err, Benavidez has not shown that he was prejudiced by a failure to introduce Garza's statement.

### Failure to Object to Enhancement

Benavidez argues that counsel provided ineffective assistance by failing to object to a two-point enhancement of his sentence that he claims violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Doc. 92 at 18-19.) "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. *Apprendi* does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum. *United States v. Sullivan*, 255 F.3d 1256, 1265 (10th Cir. 2001). The enhancement Benavidez complains of may have increased the guideline range, but did not increase the statutory maximum. *See* U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(4); 18 U.S.C. § 924. Therefore, Benavidez has failed to show that counsel erred by failing to object to the enhancement.

### Cumulative Error

Benavidez argues that even if the Court views counsel's errors as individually harmless, the

cumulative effect of those errors demonstrates ineffective assistance of counsel.  (Doc. 92 at 20.)  "A cumulative-error analysis merely aggregates all the errors that individually have been found to be harmless, and therefore not reversible, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless."  *United States v. Rivera*, 900 F.2d 1462, 1470 (10th Cir. 1990).  However, "[c]umulative error analysis . . . does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998).  Because Benavidez has not demonstrated any error, there is no basis for finding that he is entitled to relief on the basis of cumulative error.

### EVIDENTIARY HEARING

In habeas proceedings, a district court should conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir.1996) (quotation and citation omitted).  I need not conduct an evidentiary hearing because the motion and files and record conclusively show that Benavidez is entitled to no relief.

### RECOMMENDED DISPOSITION

For the reasons stated herein, I recommend that Benavidez's § 2255 petition (Doc. 92) be DENIED.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no**

**objections are filed, no appellate review will be allowed.**

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE